UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE SYLVE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO.  13-0325** |
| **STEVE RADER, WARDEN, ET. AL** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including

an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant

to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section**

**2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be

disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.      State Factual and Procedural Background

The  petitioner, Lawrence Sylve, ("Sylve") is a convicted inmate incarcerated in the Dixon

Correctional Institute in Jackson, Louisiana.[2] On January 8, 2008, Sylve was charged  as a result of

a Grand Jury Indictment with one count of aggravated rape in (Criminal Case 08-0020) and nine

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

counts of molestation of a juvenile (Criminal Case No. 08-0021).[3] The circumstances giving rise to the conviction is the result of the victim telling a school official that she and Lawrence were having sexual relations at home. The school official called Social Service Investigator Terry Brignack ("Brignack") and after an interview with the school official; the victim contacted the Plaquemines Parish to make a report of misconduct.[4]

A few hours later, Brignack conducted an interview with Sylve. During this interview, Sylve gave incriminating remarks concerning the sexual misconduct. Thereafter, a detective with the Plaquemines Parish Sheriff's Office interviewed Sylve. During this interview, Sylve confessed to the sexual misconduct. Sylve was then booked with multiple counts of Felony Carnal Knowledge of a Juvenile, in violation of La R. S. 14:80.

On January 14, 2008, Sylve was arraigned and entered a plea of not guilty. On October 8, 2008, the Court noted that a sanity hearing was set for October 24, 2008. On October 24, 2008 the Court found that Sylve understood the charges and proceedings against him and had the capacity to assist his counsel with preparing for his defense.[5] Thereafter, Sylve's attorney filed a Motion to Suppress Statement which was set for hearing on January 7, 2009, which was denied after hearing that same day.[6]

The matter came on for trial on September 15, 2009. Outside the presence of the jury, but after jury selection began, Sylve withdrew his former plea of not guilty and entered a plea of guilty

---

[3]*See also State v. Sylve,* No. 2004-KH-2102 (La. 1/14/05), 889 So.2d 264 (2005); No. 2012-K-0902 (La. App. 4 Cir. 7/21/04).

[4]Facts are taken from Sylve's Application for Post-Conviction Relief, 09/09/11.

[5]St. Rec. Vol. 1 of 2, Court Minute Entry-Sanity Hearing, 10/24/08.

[6]St. Rec. Vol. 1 of 2, Court Minute Entry-Suppression Hearing, 12/03/08.

to an *amended offense* of forcible rape, (Criminal Case 08-0020) and to the *amended offense* of one

count of Molestation of a Juvenile (Criminal Case 08-0021).[7] Sylve was sentenced to thirty years at

hard labor, with the first two (2) years without benefit of probation, parole or suspension of sentence,

and with credit for time served on the forcible rape charge.[8]

He was also sentenced to twenty (20) years at hard labor, concurrent with 08-0020-I with

credit for time served, complete self help programs while incarcerated.[9] Sylve's conviction became

final thirty (30) days later, on Thursday, October 15, 2009, because he did not seek reconsideration

or file for an appeal. *See* La. Code Crim. P. art. 914 (West 2001);[10] *Butler v. Cain*, 533 F.3d 314, 317

(5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the

state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)); *see also*

*Burton v. Stewart*, 549 U.S. 147 (2007) (in a criminal case, judgment includes conviction and

sentence, therefore the AEDPA "limitations period did not begin until both his conviction and

sentence 'became final by the conclusion of direct review or the expiration of the time for seeking

such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

Almost two years later, Sylve filed an Application for Post-Conviction Relief, on September

9, 2011. On December 21, 2011, Sylve filed a Supplement to his Application for Post-Conviction

---

[7]St. Rec. Vol. 1 of 2, 25th Court Minute Entry-Commencement of Trial, 09/15/09.

[8]St. Rec. Vol. 1 of 2, 25th Judicial District Court, Commitment Order, 09/15/09.

[9]St. Rec. Vol. 1 of 2, 25th Judicial District Court, Commitment Order, 09/15/09.

[10]Under Louisiana law, a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief. *State v. Crosby*, 338 So.2d 584, 588 (La. 1976). Where grounds do exist, Louisiana law requires the defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1 to allow 30 days). Petitioner's failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

Relief, which raised three arguments of error:[11] (1) that he is entitled to an out of time appeal, (2) that his plea was involuntary and he should be allowed to withdraw it, and (3) that his lawyer was ineffective and failed to advise him of the risk of not registering as a sex offender. An evidentiary hearing was scheduled to be heard on November 14, 2011, but continued first to January, 2012, then to February 14, 2012.[12]  That hearing was continued to April 10, 2012, on which the trial court denied Sylve's application.

On April 26, 2012, Sylve filed a notice of intent to appeal the denial of his Application for Post Conviction Relief.[13] On June 9, 2012, he filed a Writ for Supervisory Review to the Fourth Circuit Court of Appeal. On August 15, 2012, the Fourth Circuit Court of Appeal denied his application and found that there was no error in the judgment of the district court denying his application for post-conviction relief.[14]

On August 27, 2012, Sylve filed a Writ of Certiorari and Review with the Louisiana Supreme Court, raising the same issues he raised in his application to the Fourth Circuit. In the writ application Sylve alleged (1) that his guilty plea was not voluntarily and knowingly entered, (2) that there was insufficient support for a conviction, (3) that his conviction was the result of double jeopardy, and (4) that his counsel was ineffective because his plea was involuntary, his conviction constitutes

[11]St. Rec. Vol. 1 of 2, Supplement to Application for Post-Conviction Relief, 12/21/11.

[12]St. Rec. Vol. 1 of 2, Motion to Continue, 02/14/12.

[13]St. Rec. Vol. 1 of 2, Order on Notice of Intent to Appeal, 04/26/12.

[14]Writ Denial, Fourth Circuit Court of Appeal, 2012-K-0902, 08/15/12.

double jeopardy and his arrest was invalid.[15] The Writ Application was denied on January 11, 2013.[16]

## II.    Federal Petition

On February 25, 2013,the Clerk of this Court filed  Sylve's federal petition for habeas corpus relief, for which he raised three claims:[17]   (1) his guilty plea was involuntarily and made under duress, coercion and intimidation; (2) the trial court erred when it allowed Sylve to plead guilty to offenses that violate the Double Jeopardy Clause; and (3) his trial counsel was ineffective for failing to explain the reasons Sylve filed a Motion to Quash, he gave misleading advice, he was unable to be contacted to prepare a defense, and he advised Sylve to plead guilty.[18]

The State filed a response in opposition to Sylve's petition arguing that it was not timely filed.[19] As a result, the State contends that Sylve's petition should be dismissed as untimely.

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[20] applies to this petition, which is deemed filed in this Court no later than

---

[15]R. Doc. 1, Exhibit attachment; pp. 1-10; p. 27-28.

[16]Writ Denial, Louisiana Supreme Court, 2012-KH-1966, 01/11/13.

[17]Rec. Doc. No. 1, pp. 43.

[18]Rec. Doc. 1.

[19]Rec. Doc. No. 11.

[20]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

January 28, 2013.[21]  The threshold questions in habeas review under the amended statute are whether

the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in

state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in

"procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28

U.S.C. § 2254(b), (c)).The AEDPA requires a petitioner to bring his § 2254 claim within one year

of the date his conviction became final.[22] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As

calculated above, Sylve's convictions and sentences were final on October 15, 2009.  Under the plain

language of § 2244, Sylve had one year, or until Friday, October 15, 2010, to file a timely federal

application for habeas corpus relief.  He did not do so. Thus a literal application of the statute would

---

[21]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Sylve's federal habeas petition on February 25, 2013, when he was granted pauper status although the petition was signed by him on January 26, 2013, and tendered for filing on January 31, 2013. *See* R. Doc. 1, pgs. 1 and 7. Hence, January 26, 2013, is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing to the Court.  The actual date the petition is deemed filed is January 26, 2013, however, this date fell on a Saturday.  Applying Rule B(a)(1), would make the effective date January 28, 2013. *See* Fed. Rule Civ. Pro. 6(a)(1)(c), which provides that when the period is stated in days include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or holiday.

[22]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

bar Sylve's § 2254 petition as of October 15, 2010, unless he is entitled to tolling as provided for under the AEDPA.

### A.     Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior

conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA filing period began to run on October 16, 2009, the day after convictions became final. The one-year filing period ran uninterrupted for 693 days, until September 9, 2011, when Sylve submitted his first application for Post-Conviction relief to the state trial court.

Therefore, Sylve's federal petition is not timely filed.

### B.   No Basis for Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Sylve has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under the § 2244(d) computation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above.

Had Sylve diligently pursued the full-extent of his state court remedies in a timely manner, he could have better preserved the federal filing period. Thus, there is no basis for equitable tolling in this record. Sylve's federal petition is deemed filed in this Court on Monday, January 28, 2013, which was 835 days (two years, three months and ten days) after the AEDPA filing period expired on October 16, 2010.  Sylve's petition should be dismissed as time-barred.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Lawrence Sylve, III's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[23]

New Orleans, Louisiana, this 7th day of March, 2014.

_____
     **KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[23]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.